**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

IN RE:                                                     CASE NO. 15-16123-AJC
SANTOS GOMEZ                            CHAPTER 13
    Debtor
_____/

**AMENDED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS**
**OF LIEN OF FREEDOM MORTGAGE CORPORATION, DE #29**

THIS CASE came to be heard on July 21, 2015, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by FREEDOM MORTGAGE CORPORATION* (Docket Entry #29; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection being heard at the aforementioned hearing, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A. The value of Debtor's real property (the "Real Property") located at 4750 NW 15th Avenue, Miami, FL 33142 more particularly described as

    Legal Description: Lot 19, in Block 8, of North Miami Estates Section 3, According to the Plat thereof, As recorded in Plat Book 6, at Page 139, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY FLORIDA

    is $46,173.00 at the time of filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of FREEDOM MORTGAGE CORPORATION (the "Lender") is $183,663.00.

Consequently, it is **ORDERED** as follows:

1.    The motion is **GRANTED.**

2.    Lender has an allowed secured claim of 0.00.

3.    Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on November 2, 2006 at Book 25064 Pages 1884-1895 (12 pages) in the official records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.    Lender filed a proof of claim in this case (2-1). It shall be classified as a secured claim in the amount provided in paragraph two, above, and as a general unsecured claim in the amount of $62,878.17 regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.